■ TOWN OF GRAFTON, Respondent, v JACK B. COX et al., Appellants. [805 NYS2d 665]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Monserrate, J.H.O.), entered January 3, 2005 in Rensselaer County, upon a decision of the court in favor of plaintiff.

Defendants are the owner and former owner of real property located in the Town of Grafton, Rensselaer County, which has been the site of an unlicensed automobile junkyard for over three decades. By this action, plaintiff sought to enforce the provisions of the General Municipal Law and its own local ordinance which prohibit such unlicensed use (*see* General Municipal Law § 136; Code of Town of Grafton ch 150). After a bench trial, Supreme Court found defendants to be in violation of these laws, enjoined the continued use of the premises as a junkyard and imposed monetary penalties. We now affirm.

Testimony at trial, as well as numerous photographs and a videotape admitted into evidence, established beyond peradventure that the subject property is littered with hundreds of abandoned and derelict cars, trucks, buses and construction equipment in various states of disassemblage and disrepair, as well as thousands of old tires, batteries, discarded household appliances and assorted accumulations of trash, dismantled auto parts and other refuse. Town officials further established that defendants never applied for, and thus were never granted, the requisite license for this use of the property. Defendant Jack B. Cox, who began the junkyard operation in the mid 1970s, likewise confirmed at trial that neither he nor his daughter, defendant Jennifer L. Cox, ever applied for such a license.

Given this evidence, we reject defendants' argument that plaintiff failed to demonstrate its entitlement to a permanent injunction prohibiting them from operating a junkyard on the property. To the extent that defendants argue that it would be inequitable to find them in violation of the subject laws because plaintiff improperly imposed onerous preconditions on a license application, namely, site plan approval and the removal of all junk from the property, we note the following. While Jack Cox did apply for site plan approval, he ultimately abandoned this application and transferred title to his daughter. Having failed to complete that process, he has waived any challenge to the alleged preconditions. Since Jennifer Cox never submitted an application for site plan approval upon becoming title owner of the subject property, she too cannot be heard to complain.

Defendants also attack the civil penalties on a number of grounds, all of which are without merit. Considering the longstanding and extensive condition of the property, the penalties were not excessive. Nor are we persuaded that the prior Justice Court criminal prosecution of Jack Cox precludes the instant action on double jeopardy grounds (see Hudson v United States, 522 US 93 [1997]). Defendants' remaining contentions have been considered and are similarly rejected.

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.